United States Bankruptcy Court

Southern District of Mississippi

| | |
|---|---|
| In re: | Case No. 25-00636-JAW |
| Mia LeJune Craig | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
| Date Rcvd: May 14, 2025 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 16, 2025:**

**Recip ID**             **Recipient Name and Address**
db                +   Mia LeJune Craig, 436 Fairway Ave, Byram, MS 39272-5526

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 16, 2025          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 14, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Kimberly D. Putnam | on behalf of Creditor PennyMac Loan Services  LLC kim.mackey@ms.creditorlawyers.com, msecf@ms.creditorlawyers.com |
| Thomas Carl Rollins, Jr | on behalf of Debtor Mia LeJune Craig trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Thomas Carl Rollins, Jr | on behalf of Trustee Torri Parker Martin trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Torri Parker Martin | tpm@tpmartinch13.com  trusteeMSSB2H@ecf.epiqsystems.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

District/off: 0538-3

Date Rcvd: May 14, 2025

TOTAL: 5

User: mssbad

Form ID: pdf012

Page 2 of 2

Total Noticed: 1



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: May 14, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**MIA LEJUNE CRAIG**                                          Case No.: 25-00636- JAW

      DEBTOR.                                              **Chapter 13**

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 03/10/2025, and amended/modified by subsequent order(s) of the court, if any.  The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1.  The debtor's chapter 13 plan attached hereto is confirmed.

2.  The following motions are granted *(if any)*:

    a.  Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
    b.  Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3.  The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4.  All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5.  The debtor's attorney is awarded a fee in the amount of $4,000.00 of which $2,878.00 is due and payable from the estate.

### ##*END OF ORDER*##

Approved:                                              Submitted by:

/s/ THOMAS CARL ROLLINS, JR.                           /s/ Torri Parker Martin
THOMAS CARL ROLLINS, JR. – MSB #_____                  Torri Parker Martin
THE ROLLINS LAW FIRM, PLLC                             Standing Chapter 13 Trustee
P.O. BOX 13767                                         200 North Congress Street, Suite 400
JACKSON, MS 39236                                      Jackson, MS 39201
Phone: (601)500-5533                                   Ofc: 601-981-9100
e-mail: trollins@therollinsfirm.com                    Fax: 601-981-1983
                                                       Email: tpm@tpmartinch13.com

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Mia LeJune Craig** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance                    12/17

### Part 1:   Notices

**To Debtors:**      This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**      **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1      Length of Plan.**

The plan period shall be for a period of ___**60**___ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

$1,750.00

Debtor shall pay ___~~$1,523.88~~___ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Department of Justice
FPS-PERS Office-Fed
Corr Institution
P.O. Box 5666
Yazoo City MS 39194-0000**

Debtor  **Mia LeJune Craig**                                    Case number  _____

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3        Income tax returns/refunds.**

*Check all that apply*

☑   Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐   Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
*Check one.*

☑   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | Treatment of Secured Claims |
| --- | --- |

**3.1        Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**   **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑   1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1        Mtg pmts to  **PennyMac Loan Services**                        POC FILED

Beginning  **April 2025**          @          ~~$942.42~~  ☐ Plan  ☑ Direct.    Includes escrow ☑ Yes ☐ No
                                                    $969.09

-NONE-   Mtg arrears to  PENNYMAC LOAN SERVICES      Through      03/2025          $2,012.66          POC FILED

**3.1(b)** ☐   **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  **-NONE-**
        address:  _____

Mtg pmts to  _____

Beginning  month          @  _____  Plan      Direct.      Includes escrow Yes No

Property **-NONE-** Mtg arrears to  _____  Through  _____    _____

**3.1(c)** ☐   **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  **-NONE-**          Approx. amt. due:              Int.
        _____      _____        Rate*:  _____

Property Address:  _____

Principal Balance to be paid with interest at the rate above:  _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $  _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $  _____  **-NONE-** /month, beginning    month .  _____

Debtor    **Mia LeJune Craig**                                         Case number

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2    Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☑    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Ally Financial, Inc | 2020 Honda Accord 45000 miles | $33,005.00 | 10.00% |
| Bridgecrest Acceptance | 2016 Honda Pilot | ~~$22,152.00~~ | 10.00% |
| | | $23,324.36 | POC FILED |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
     ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| Advanced Recovery Syst | 436 Fairway Ave Byram, MS 39272 Hinds County | $1,629.33 | $0.00 | Judgment Lien | 25co1:24-cv-01498 |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor      **Mia LeJune Craig**                                    Case number   _____

**Treatment of Fees and Priority Claims**

**4.1**     **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**     **Attorney's fees.**

☑ No look fee: __**4,000.00**__

Total attorney fee charged:          **$4,000.00**

Attorney fee previously paid:        **$1,122.00**

Attorney fee to be paid in plan per
confirmation order:                      **$2,878.00**

☐ Hourly fee: $____.  (Subject to approval of Fee Application.)

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐       **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑       Internal Revenue Service          ~~$30,544.57~~    $29,045.05      POC FILED
☐       Mississippi Dept. of Revenue     **$0.00**                                              .
☐       Other      _____       **$0.00**                        .

**4.5**     **Domestic support obligations.**

☑       **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Treatment of Nonpriority Unsecured Claims**
**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐       The sum of $
☑       __100__% of the total amount of these claims, an estimated payment of **$84,168.06**
☑       The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**     **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑       **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Executory Contracts and Unexpired Leases**

**6.1**     **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

Debtor     **Mia LeJune Craig**         Case number        _____

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
| --- | --- |

**7.1**    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | Nonstandard Plan Provisions |
| --- | --- |

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
       ☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Debtor to pay direct pursuant to contract in place with student loan provider.**
_____

| Part 9: | Signatures: |
| --- | --- |

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X    **/s/ Mia LeJune Craig**               X  _____
     **Mia LeJune Craig**                   Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **March 10, 2025**          Executed on  _____

     **436 Fairway Ave**                      _____
     Address                            Address
     **Byram MS 39272-0000**
     City, State, and Zip Code             City, State, and Zip Code

     Telephone Number                 Telephone Number

X    **/s/ Thomas C. Rollins, Jr.**          Date    **March 10, 2025**
     **Thomas C. Rollins, Jr. 103469**
     Signature of Attorney for Debtor(s)
     **P.O. Box 13767**
     **Jackson, MS 39236**
     Address, City, State, and Zip Code
     **601-500-5533**                  **103469 MS**
     Telephone Number                 MS Bar Number
     **trollins@therollinsfirm.com**
     Email Address