U S BANKRUPTCY COURT
SOUTHERN DISTRICT OF MS
FILED

**UNITED STATES BANKRUPTCY COURT**

2025 OCT 24 AM 11: 22

**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

DANNY L. MILLER
CLERK

IN RE:
MIA LEJUNE CRAIG         BY_____DEPUTY
Debtor.

CASE NO. 25-00636-JAW
CHAPTER 13

## NOTICE OF MOTION AND 21-DAY RESPONSE DEADLINE

TO: All creditors and parties in interest

Please take notice that Mia LeJune Craig, the Debtor in the above-styled bankruptcy case, has

filed a Motion to Reinstate Chapter 13 Case and for Related Relief.

Your rights may be affected.

You should read the Motion carefully and discuss it with your attorney, if you have one in

this bankruptcy case. If you do not wish the Court to grant this Motion, or if you want the

Court to consider your views, you must file a written response or objection within twenty-one

(21) days from the date of service of this notice.

Your response must be filed with:

Thad Cochran

U.S. Courthouse

Bankruptcy Court – Southern District of Mississippi

501 East Court Street, Suite 2.300

Jackson, MS 39201

and a copy must be served upon the Debtor at:

Mia LeJune Craig, Pro Se Debtor

436 Fairway Avenue

Byram, MS 39272

If no written response or objection is filed within 21 days, the Court may consider the Motion without further notice or hearing and may grant the relief requested.

*Mia LeJune Craig*
Pro Se Debtor

## MOTION TO REINSTATE CHAPTER 13 CASE AND FOR RELATED RELIEF

COMES NOW the Debtor, Mia LeJune Craig ("Debtor"), appearing *pro se*, and respectfully moves this Honorable Court pursuant to 11 U.S.C. § 1307(c) and Rule 9024 of the Federal Rules of Bankruptcy Procedure to vacate the Order of Dismissal entered on October 8, 2025, and to reinstate this Chapter 13 proceeding. In support of this Motion, Debtor would show unto the Court the following:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this District under 28 U.S.C. § 1408.

3. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTUAL AND PROCEDURAL BACKGROUND

4. On March 10, 2025, the Debtor commenced this voluntary Chapter 13 case in good faith for the purpose of reorganizing her financial affairs and preserving her residence at 436 Fairway Avenue, Byram, Mississippi 39272.

5. The case was assigned to the Honorable Jamie A. Wilson, United States Bankruptcy Judge, and Torri Parker Martin, Standing Chapter 13 Trustee, was duly appointed to administer the plan.

6. The Debtor's Chapter 13 Plan was confirmed in May 2025, following notice and hearing. Pursuant to the Confirmation Order, a Wage Deduction Order was entered on March 25, 2025, directing the Federal Bureau of Prisons, the Debtor's then-employer, to deduct $1,593.00 per pay period from her salary and remit those funds to the Trustee.

7. The Bureau of Prisons implemented the order through its National Finance Center (NFC) beginning with Pay Period 05 (official pay date April 3, 2025). The Bureau continued remitting payments faithfully through the date of the Debtor's retirement in mid-2025.

8. According to the Trustee's official payment ledger and the National Data Center (NDC) records, the Debtor paid a total of $11,466.20 into her plan as of October 17, 2025, including a $2,700.00 payment made on October 7, 2025, one day before dismissal.

9. Nevertheless, the case was dismissed on October 8, 2025, for alleged default in plan payments.

## III. GROUNDS FOR REINSTATEMENT

A. Excusable Neglect and Temporary Hardship

10. The Debtor's temporary default was the result of *excusable neglect* within the meaning of Rule 9006(b)(1) and Rule 9024 Fed. R. Bankr. P., occasioned by circumstances entirely beyond her control.

11. Specifically, the Debtor retired from federal service with the Bureau of Prisons and thereafter transitioned to receiving a civil service annuity through the U.S. Office of Personnel Management (OPM). During the OPM processing period from May through July 2025, her pay was suspended and no interim income was received.

12. This lapse was not willful but rather an unavoidable administrative delay inherent in the federal retirement process. The Debtor promptly notified her employer and remained in contact with the Trustee's office during this interval.

13. Her annuity benefits began in August 2025 in the net amount of approximately $2,411.00 per month, which has remained consistent. These facts establish that the default was temporary and has now been cured.

B. Good Faith and Substantial Compliance

14. The Debtor has demonstrated good faith, substantial compliance, and diligence throughout this proceeding.

   a. She complied with the confirmed plan for several months through automatic wage deduction.

   b. She caused a $2,700.00 payment to be transmitted to the Trustee immediately prior to dismissal.

   c. She has paid over $11,000.00 into the plan since inception.

15. Correspondence from Lorene Dickens-Williams, Human Resources Specialist, Federal Bureau of Prisons, dated May 8, 2025, confirms that the NFC over-transmitted one additional installment of $1,593.00, which was remitted to the

Bankruptcy Court. The Debtor respectfully requests that such overpayment be credited to her account balance.

16. These facts constitute clear evidence of good-faith performance and negate any inference of abandonment or disregard of the Court's orders.

### C. Erroneous Mortgage Arrearage Inclusion

17. Following plan confirmation, PennyMac Loan Services, LLC, through its counsel Dean Morris, L.L.C., filed a Proof of Claim asserting a mortgage arrearage of $2,012.66, allegedly representing delinquent payments through March 2025.

18. This arrearage was automatically incorporated into the confirmed plan after the creditor's filing, without the Debtor's request or acknowledgment. Email correspondence from Attorney Clara Ortega of The Rollins Firm, dated June 17 and July 14, 2025, confirms that the Debtor's regular mortgage was not included in the plan and that the arrears were added post-confirmation based solely on the creditor's representation.

19. The Debtor asserts that her mortgage was current at the time, and that the arrearage claim is erroneous and inflated. The automatic addition of this claim materially distorted the required plan payment and contributed to the perceived delinquency.

20. The Debtor requests that this Court direct the Trustee to review and, if warranted, adjust or remove the disputed arrearage from PennyMac's claim pursuant to 11 U.S.C. § 502(j) and Rule 3008.

### D. Feasibility and Ability to Continue Payments

21. The Debtor's financial condition has stabilized. Her ongoing OPM annuity income of approximately $2,411.00 per month is sufficient to sustain modified plan payments commensurate with her fixed income.

22. Pursuant to 11 U.S.C. § 1329, the Debtor intends to seek modification of the plan to adjust the payment amount accordingly once the case is reinstated.

23. Reinstatement of this case will enable the Debtor to fulfill her obligations under the Bankruptcy Code and protect her residence while ensuring fair distribution to creditors.

## IV. EQUITABLE CONSIDERATIONS

24. Equity favors reinstatement. The Debtor has not engaged in bad-faith conduct; she has continued to remit payments and communicate with all relevant parties.

25. Dismissal, if allowed to stand, would unjustly penalize a Debtor who has paid substantial sums into her plan and who remains committed to completing it.

26. Reinstatement will not prejudice any creditor; indeed, creditors will benefit from continued performance under the plan rather than termination of payments.

27. Reinstatement aligns with the rehabilitative purpose of Chapter 13, which is designed to provide debtors an opportunity to repay obligations under Court supervision rather than suffer liquidation.

## V. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that this Honorable Court will:

1. Grant this Motion and vacate the Order of Dismissal entered on October 8, 2025;

2. Reinstate the Debtor's Chapter 13 case and restore the automatic stay;

3. Credit all funds paid and over-remitted by the Bureau of Prisons, including the $1,593.00 overpayment transmitted by the NFC;

4. Authorize modification of plan payments consistent with the Debtor's present OPM annuity income pursuant to 11 U.S.C. § 1329;

5. Review and correct PennyMac's arrearage claim of $2,012.66 upon proof of current mortgage status; and

6. Grant such other, further, and different relief as the Court deems just, equitable, and proper.

Respectfully submitted this 24th day of October, 2025.

*Mia LeJune Craig*

MIA LEJUNE CRAIG, Pro Se Debtor
436 Fairway Avenue
Byram, Mississippi 39272
Email: mcraig9396@gmail.com
Telephone: (601) 540-3749

## CERTIFICATE OF SERVICE AND NOTICE TO CREDITORS

I, Mia LeJune Craig, hereby certify that I have this date served a true and correct copy of the foregoing Motion to Reinstate Chapter 13 Case and Notice of Motion upon all creditors and parties in interest listed on the mailing matrix, including:

1. Torri Parker Martin, Chapter 13 Trustee
   P.O. Box 2033
   Memphis, TN 38101-2033
2. Office of the U.S. Trustee
   501 East Court Street, Suite 6-430
   Jackson, MS 39201
3. PennyMac Loan Services, LLC
   c/o Dean Morris, L.L.C.
   855 S. Pear Orchard Road, Suite 404
   Ridgeland, MS 39157

NOTICE IS HEREBY GIVEN that any creditor or party in interest wishing to object to this

Motion must file a written response or objection within twenty-one (21) days of the date of

service of this Motion, with a copy mailed to:

Thad Cochran
U.S. Courthouse
Bankruptcy Court – Southern District of Mississippi
501 East Court Street, Suite 2.300
Jackson, MS 39201

and to the Debtor at:
Mia LeJune Craig, Pro Se Debtor
436 Fairway Avenue
Byram, MS 39272

If no response is filed within 21 days, the Court may grant the Motion without further notice
or hearing.

This the 24th day of October, 2025.

*Mia LeJune Craig*
Pro Se Debtor

# United States Bankruptcy Court
## Southern District of Mississippi

In re Mia LeJune Craig _____      Case No. 25-00636JAW _____
      *Debtor(s)*                   Chapter 13 _____

### VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct
to the best of his/her knowledge.

Date:   October 24, 2025 _____

                                       Mia LeJune Craig
                                       Signature of Debtor

PennyMac Loan Services, LLC
P.O. Box 2410
Moorpark, CA 93020-2410

PennyMac Loan Services, LLC
P.O. Box 2410
Moorpark, CA 93020-2410

Kimberly D. Putnam, Esq.
Dean Morris, LLC
For PennyMac Loan Services, LLC
1820 Avenue of America
Monroe, LA 71201-4530

Ally Servicing LLC as servicer on
behalf of
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Financial, Inc
Attn: Bankruptcy
P.O. Box 380901
Bloomington, IL 55438-0901

PennyMac Loan Services
P.O. Box 514387
Los Angeles, CA 90051-4387

Ally Servicing LLC as servicer on
behalf of Citrus Tree Finance LLC c/o
AIS Portfolio Services, LLC
4515 N Santa Fe Avenue  Dept. APS
Oklahoma City, OK 73118-7901

Bridgecrest Credit Company, LLC as
Agent and 4515 N Santa Fe Avenue
Dept. APS
Oklahoma City, OK 73118-7901

Bridgecrest Acceptance
P.O. Box 53087
Suite 100
Phoenix, AZ 85072-3087

Bridgecrest Credit Company, LLC
as Agent and
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma, City, OK 73118-7901

Carvana, LLC
Bridgecrest c/o AIS Portfolio Services,
4515 N. Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

Credit Collection
Attn.: Bankruptcy
725 Canton Street
Norwood, MA 02062-2679

Advanced Recovery System, Inc.
c/o Simpson Law Firm
P.O. Box 2058
Madison, MS 39130-0258

John S Simpson, MSB No. 8525
Simpson Law Firm
For Advanced Recovery Systems, Inc.
P.O. Box 2058
Madison, MS 39130-2058

Advanced Recovery System
P.O. Box 321472
Flowood MS 39232-1472

Affirm, Inc.
Attn: Bankruptcy
650 California Street
San Francisco, CA 94108-2716

Affirm, Inc.
Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Galaxy International P
4730 South Ft Apache R
Las Vegas, NV 89147

Discover Bank
P.O. Box 3025
New Albany, OH 43054-3025

Discover Financial
Attn.: Bankruptcy
P.O. Box 3025
New Albany, OH 43054-3025

Jackson HB Medical Services, LLC
Professional Account Services Inc
P.O. Box 188
Brentwood, TN 37024-0188

Department of Treasury-Internal
Revenue Services
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
c/o US Attorney
501 East Court Street
Ste 4.430
Jackson, MS 39201-5025

Koalafi
4951 Lake Brook Drive
Glen Allen, VA 23060-9279

Merrick Bank
Resurgent Capital Services
P.O. Box 10368
Greenville, SC 29603-0368

Merrick Bank Corp
P.O. Box 9201
Old Bethpage, NY 11804-9001

Kalijarvi, Churzi, Newman
818 Connecticut Avenue NW
Washington, DC 20006-2702

Mississippi Sports Medicine and Orthopae
c/o Wakefield & Associates, LLC
P.O. Box 58
Fort Morgan, CO 80701-0058

Merit health Central
c/o PASI
P.O. Box 188
Brentwood, TN 37024-0188

Nordstrom, INC.
Jefferson Capital Systems, LL
P.O. Box 7999
Saint Cloud, MN 56302-7999

Navient
Attn.: Bankruptcy
P.O. Box 9635
Wilkes Barre, PA 18773-9635

Nordstrom FSB
Attn.: Bankruptcy
P.O. Box 6555
Englewood, CO 80155-6555

Pafford Emergency Medical Services, Inc.
c/o Wakefield & Associates, LLC
P.O. Box 58
Fort Morgan, CO 80701-0058

(p) Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk VA 23541-1067

RAM Receivables LLC Agent of
Huntington
Debt Holdings
P. O. Box 25693
Memphis, TN 38125-8009

Radius Global Solution
7831 Glenroy Road
Edina, MN 55439-3117

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201-5022

Torri Parker Martin
Torri Parker Martin, Chapter 13 Bankrupt
200 North Congress Street, Ste 400
Jackson, MS 39201-1902

Thomas Carl Rollins Jr
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236-3767

Mia LeJune Craig
436 Fairway Avenue
Byram, MS 39272

U.S. Bankruptcy Court
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2.300
Jackson, MS 39201-5036

Aidvantage on behalf of: The Department
of Education
Dept of Ed Loan Services
P.O. Box 300001
Greenville, TX 75403-3001

End of Label Matrix
Mailable Recipients          48
Total                        48

Exhibit

United States Bankruptcy Court
Southern District of Mississippi

In re:                                                              Case No. 25-00636-JAW
Mia LeJune Craig                                                    Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 14, 2025 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 16, 2025:

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Mia LeJune Craig, 436 Fairway Ave, Byram, MS 39272-5526 |

TOTAL: 1

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 16, 2025                    Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 14, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Kimberly D. Putnam | on behalf of Creditor PennyMac Loan Services LLC kim.mackey@ms.creditorlawyers.com, msecf@ms.creditorlawyers.com |
| Thomas Carl Rollins, Jr | on behalf of Debtor Mia LeJune Craig trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Thomas Carl Rollins, Jr | on behalf of Trustee Torri Parker Martin trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Torri Parker Martin | tpm@tpmartinch13.com trusteeMSSB2H@ecf.epiqsystems.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

District/off: 0538-3
Date Rcvd: May 14, 2025
TOTAL: 5

User: mssbad
Form ID: pdf012

Page 2 of 2
Total Noticed: 1



SO ORDERED,

Judge Jamie A. Wilson
United States Bankruptcy Judge
Date Signed: May 14, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**MIA LEJUNE CRAIG**                                    Case No.: 25-00636-JAW

DEBTOR.                                                 Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 03/10/2025, and amended/modified by subsequent order(s) of the court, if any.  The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

   a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);

   b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $4,000.00 of which $2,878.00 is due and payable from the estate.

### ##END OF ORDER##

Approved:                                               Submitted by:

/s/ THOMAS CARL ROLLINS, JR.                            /s/ Torri Parker Martin
THOMAS CARL ROLLINS, JR. – MSB #_____                   Torri Parker Martin
THE ROLLINS LAW FIRM, PLLC                              Standing Chapter 13 Trustee
P.O. BOX 13767                                          200 North Congress Street, Suite 400
JACKSON, MS 39236                                       Jackson, MS 39201
Phone: (601)500-5533                                    Ofc: 601-981-9100
e-mail: trollins@therollinsfirm.com                     Fax: 601-981-1983
                                                        Email: tpm@tpmartinch13.com

25-00636-JAW Dkt 50 Filed 10/24/25 Entered 10/24/25 11:28:54 Page 16 of 29

25-00636-JAW Dkt 22 Filed 05/16/25 Entered 05/16/25 23:37:17 Page 4 of 8
25-00636-JAW Dkt 2 Filed 03/10/25 Entered 03/10/25 14:26:03 Page 1 of 5

| | | | |
|---|---|---|---|
| Debtor 1 | **Mia LeJune Craig** | | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| | Full Name (First, Middle, Last) | | |
| Debtor 2 (Spouse, if filing) | Full Name (First, Middle, Last) | | |
| United States Bankruptcy Court for the | | **SOUTHERN DISTRICT OF MISSISSIPPI** | |
| Case number: (if known) | | | |

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

**Part 1: Notices**

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies.

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

**Part 2: Plan Payments and Length of Plan**

### 2.1 Length of Plan.

The plan period shall be for a period of ___60___ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

### 2.2 Debtor(s) will make payments to the trustee as follows:
**$1,750.00**

Debtor shall pay ___~~$1,623.83~~___ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **Department of Justice**
> **FPS-PERS Office-Fed**
> **Corr Institution**
> **P.O. Box 5666**
> **Yazoo City MS 39194-0000**

APPENDIX D                    Chapter 13 Plan                    Page 1

Debtor    Mia LeJune Craig _____    Case number _____

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3    Income tax returns/refunds.**

Check all that apply

☑    Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐    Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**

Check one.

☑    None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3    Treatment of Secured Claims**

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(e)(2) and identified in § 3.2 herein.)**

Check all that apply.

☐    None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.1(a)**    **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑    1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

POC FILED

| 1 | Mtg pmts to | Pennymac Loan Services | | | | |
|---|---|---|---|---|---|---|
| Beginning | April 2025 | @ | $842.42 ☐ Plan | ☑ Direct. | Includes escrow ☑ Yes ☐ No | |
| | | $969.09 | | | | |
| -NONE- | Mtg arrears to | PENNYMAC LOAN SERVICES | Through | 03/2025 | $2,012.66 | POC FILED |

**3.1(b) ☐**    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property    -NONE-
address:    _____

Mtg pmts to
Beginning    month _____    @ _____    Plan    Direct.    Includes escrow Yes No

Property -NONE-  Mtg arrears to _____    Through _____

**3.1(c) ☐**    Mortgage claims to be paid in full over the plan term: Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:   -NONE- _____    Approx. amt. due:    Int.
                                 _____    Rate*: _____

Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____    -NONE- /month, beginning __month__ .

25-00636-JAW   Dkt 50   Filed 10/24/25   Entered 10/24/25 11:28:54   Page 18 of 29

25-00636-JAW   Dkt 22   Filed 05/16/25   Entered 05/16/25 23:37:17   Page 6 of 8
25-00636-JAW   Dkt 2   Filed 03/10/25   Entered 03/10/25 14:26:03   Page 3 of 5

Debtor  Alia LeJune Craig _____     Case number  _____

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

*Insert additional claims as needed.*

**3.2**   Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one..*

☑   None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐   None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Ally Financial, Inc | 2020 Honda Accord 45000 miles | $33,005.00 | 10.00% |
| Bridgecrest Acceptance | 2018 Honda Pilot | ~~$22,452.00~~ $23,324.36 | 10.00% POC FILED |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4**   Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*

☐   None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☑   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| Advanced Recovery Syst | 438 Fairway Ave Byram, MS 39272 Hinds County | $1,629.33 | $0.00 | Judgment Lien | 25co1:24-cv-01498 |

*Insert additional claims as needed.*

**3.5**   Surrender of collateral.

*Check one.*

☑   None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor | Mia LeJune Craig | Case number | |
|---|---|---|---|

### Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: __4,000.00__

Total attorney fee charged: $4,000.00

Attorney fee previously paid: $1,122.00

Attorney fee to be paid in plan per confirmation order: $2,878.00

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

Check one.
| | | | |
|---|---|---|---|
| ☐ | None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced. | | |
| ☑ | Internal Revenue Service | ~~$30,544.57~~ $29,045.05 POC FILED | |
| ☐ | Mississippi Dept. of Revenue | $0.00 | |
| ☐ | Other _____ | | $0.00 . |

**4.5 Domestic support obligations.**

☑ None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑ __100__ % of the total amount of these claims, an estimated payment of $84,168.08
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants). Check one.**

☑ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. Check one.

Debtor  Mia LeJune Craig                          Case number _____

   ☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Vesting of Property of the Estate

7.1   Property of the estate will vest in the debtor(s) upon entry of discharge.

### Nonstandard Plan Provisions

8.1   Check "None" or List Nonstandard Plan Provisions
   ☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
Debtor to pay direct pursuant to contract in place with student loan provider.

### Signatures:

9.1   Signatures of Debtor(s) and Debtor(s)' Attorney
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  /s/ Mia LeJune Craig                          X _____
   Mia LeJune Craig                               Signature of Debtor 2
   Signature of Debtor 1

   Executed on   March 10, 2025                Executed on _____

   436 Fairway Ave
   Address                                        Address
   Byram MS 39272-0000
   City, State, and Zip Code                      City, State, and Zip Code

   Telephone Number                               Telephone Number

X  /s/ Thomas C. Rollins, Jr.                     Date   March 10, 2025
   Thomas C. Rollins, Jr. 103469
   Signature of Attorney for Debtor(s)
   P.O. Box 13767
   Jackson, MS 39236
   Address, City, State, and Zip Code
   601-500-5533                                  103469 MS
   Telephone Number                               MS Bar Number
   trollins@therollinsfirm.com
   Email Address

Exhibit

10:04

Loss Mit Letter 03.17.2025.p...  

**DEAN MORRIS, L.L.C.**
ATTORNEYS AT LAW

JOHN C. MORRIS, III†*
CANDACE A. COURTEAU†
EMILY K. COURTEAU†*
ASHLEY V. MERRY*
KIMBERLY D. PUTNAM*
MARK W. PRENTI*
ZACHARY GARRETT YOUNG†

† Admitted in Louisiana
* Admitted in Mississippi

**LOUISIANA DIVISION**
1505 North 19th Street, Monroe, LA 71201
Phone: 318.388.1440 Facsimile: 318.322.0887

**MISSISSIPPI DIVISION**
1820 Avenue of America, Monroe, LA 71201
835 S. Pear Orchard Rd, Ste 404 Bldg 400,
Ridgeland, MS 39157
Phone: 318.330.9020 Facsimile: 318.340.7600

OF COUNSEL:
GEORGE B. DEAN, JR.*
RANDALL R. BARTON*

Hours of Operation: Monday-Friday, 8:00 AM - 5:00PM

**IMPORTANT: This letter contains important information which may benefit the
borrower(s). Please take the time to review the contents.**

March 17, 2025

RE:     Debtor: Mia LeAnne Craig
        aka Mia L Craig
        Debtor's Counsel: Thomas Carl Rollins, Jr
        The Rollins Law Firm, PLLC
        Trustee: Torri Parker Martin
        Case No.: 25-00636-JAW
        Servicer: PennyMac Loan Services, LLC
        Loan No: 0334
        Property Address: 436 Fairway Ave, Byram, MS 39272

Dear Counsel:

According to our records, the above referenced debtor(s) have filed for Bankruptcy.
PennyMac has a mortgage lien on the above-referenced property address.

If you and/or your client is interested in pursuing other possible alternatives for resolution
of any mortgage default in relation to the bankruptcy filing, please have them contact our
firm at 318-330-9020 to begin discussions of options that may be available.

In order to begin the process, please ask your clients to have the following information
available:

- Mortgage loan account number
- A brief explanation of the financial circumstances
- Verification of income (i.e., the two most recent pay stubs from employment or
  Social Security, disability, or unemployment benefits, and/or a year-to-date profit
  and loss form, if self-employed, etc.)
- A detailed listing of monthly household expenses

Sincerely,

/s/ Kimberly D. Putnam
Kimberly D. Putnam, MSB#102418
Attorney-at-Law
Dean Morris, LLC
1820 Avenue of America
Monroe, LA 71201

PLEASE BE ADVISED THAT THIS LAW FIRM MAY BE ACTING AS A DEBT
COLLECTOR AND ANY INFORMATION OBTAINED AS A RESULT OF THIS
COMMUNICATION MAY BE USED FOR THAT PURPOSE. THIS LETTER IS NOT
A DEMAND FOR PAYMENT OR INTENDED TO BE AN ATTEMPT TO COLLECT
FROM THE DEBTOR(S)

Exhibit



**10:18**

✕        Craig, Mia_Bankruptcy Me...         



**U.S. Department of Justice**
Federal Bureau of Prisons

*Human Resources Services Center*
Consolidated Processing Unit

U.S Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051-2412

03/25/2025

Mia Craig
Lieutenant
FCI Yazoo City

We received a copy of a Bankruptcy Order. This order
requires this office to withhold deductions from your salary
for the purpose of satisfying a Chapter 13 Bankruptcy ruling.

Your salary check will reflect a deduction of $1,593.00 per pay
period. The deduction will be effective PP05 (official pay
date 04/03/2025).

This deduction will continue until this office receives legal
process from the court of the Trustee to either modify or
terminate this requirement.

Please be advised that the United States does not represent you
in any proceedings concerning this matter.

If you have any questions, email the Human Resources office at
the Consolidated Processing Unit at GRA-HRM/Processing.

Thank you,

Lorene Dickens-Williams
Human Resources Specialist

Exhibit

**SO ORDERED,**



Judge Jamie A. Wilson
United States Bankruptcy Judge
Date Signed: May 30, 2025

*The Order of the Court is set forth below. The docket reflects the date entered.*

## IN THE UNITED STATES BANKRUPTCY COURT
## Southern District of Mississippi

IN THE MATTER OF:
**MIA LEJUNE CRAIG**

**CASE NO.: 25-00636- JAW**

### <u>ORDER UPON DEBTOR DIRECTING PAYMENTS TO TRUSTEE</u>

IT APPEARING TO THE COURT that there is now pending a certain **Chapter 13 Proceeding** in which the above-named **DEBTOR** subjected his earnings to the jurisdiction of the Court; the **DEBTOR's** principal income is from wages, salary, or commissions; and that the **DEBTOR** is <u>paying personally</u> and is subject to such orders as may be requisite to effectuate the provisions of the plan proposed by the **DEBTOR**.

IT IS FURTHER APPEARING THAT it is requisite to effectuate the provisions of the **DEBTOR's** plan; that the **DEBTOR** is directed to pay a portion of the **DEBTOR's** earnings to the Court for distribution to creditors.

IT IS ORDERED THAT until further notice of this Court, the above-named **DEBTOR** is required to pay from the **DEBTOR's** earnings and pay over to:

Torri Parker Martin
Standing Chapter 13 Trustee
P.O. Box 2033
Memphis, TN 38101-2033

the sum of $3,792.00 MONTHLY .

##END OF ORDER

Exhibit



**Retirement Services**

**UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
RETIREMENT PROGRAMS
BOYERS, PA 16017**

## Annuity Statement

| Name of Annuitant | |
|---|---|
| | MIA L CRAIG |
| 436 FAIRWAY AVENUE | |
| BYRAM MS 39272 | |

| Date Printed | |
|---|---|
| | Oct 20, 2025 |
| Annuitant Claim Number | |
| | A9PG6JQT0 |

**Payment Dated:**  Nov 3, 2025

The following information is provided in response to your request for verification of your retirement benefits under the Civil Service Retirement System or the Federal Employees Retirement System.

### Deductions/Additions

| Code | Description | Amount |
|---|---|---|
| | Gross Amount of Annuity | $2,413.00 |
| 105 | Blue Cross/Blue Shield Service Benefit Plan-Std | -$920.07 |
| 46 | Basic LI Premium Until 65 (if ret after 1/1/90) | -$32.59 |
| 67 | FERS Annuity Supplement | $951.00 |
| | Net Amount of Annuity | $2,411.34 |

*The annuity of a retired member terminates on the day the member dies or the date of other terminating events provided by title 5, U.S. Code, Section 8345(c), et seq.*

Sincerely,

*Matthew MacIsaac*

Matthew MacIsaac
Deputy Associate Director
Retirement Operations

Retirement Services

MIA L CRAIG
436 FAIRWAY AVENUE
BYRAM MS 39272

# 2025 Summary of Payment

UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
RETIREMENT PROGRAMS
BOYERS, PA 16017

Claim Number:   A9PG6JQT0

| Description | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Amount of Annuity | | | | | | | | $2,413.00 | $2,413.00 | $2,413.00 | | | $7,239.00 |
| Basic Li Premium Until 65 (if ret after 1/1/90) | | | | | | | | $32.59 | $32.59 | $32.59 | | | $97.77 |
| Blue Cross/Blue Shield Service Benefit Plan-Std | | | | | | | | $920.07 | $920.07 | $920.07 | | | $2,760.21 |
| FERS Annuity Supplement | | | | | | | | $951.00 | $951.00 | $951.00 | | | $2,853.00 |
| Interim/Special Pay Payment | | | | | | | $.00 | | | | | | $.00 |
| Net Amount of Annuity | | | | | | | $.00 | $2,411.34 | $2,411.34 | $2,411.34 | | | $7,234.02 |

* An *(asterisk) reflected in the payment description indicates that the amount is a one-time only adjustment.

The summary of payments and total paid to date is current as of Oct 1, 2025, payment. The Summary of Payments contains information regarding the recurring monthly payments that are issued to you. The Summary of Payments does not include any adjustment payments that have been made. Generally, in the middle of the month, we authorize payments that are payable for the first business day of the following month.

The information contained in the Summary of Payments is not to be used for income tax filing purposes.