Mia L. Craig
436 Fairway Avenue
Byram, MS 39272

U.S. Bankruptcy Court
Southern District of Mississippi
RECEIVED

OCT 28 2025

Danny L. Miller, Clerk of Court
By: _____
_____ Deputy Clerk

U.S. Bankruptcy Court
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2,300
Jackson, MS 39201-5036

US Bankruptcy Court
Southern District of Mississippi
**RECEIVED**

OCT 28 2025

Danny L. Miller, Clerk of Court
By:_____,Deputy Clerk

### UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

IN RE:
MIA LEJUNE CRAIG
Debtor.

CASE NO. 25-00636-JAW
CHAPTER 13

### NOTICE OF MOTION AND 21-DAY RESPONSE DEADLINE

TO: All creditors and parties in interest

Please take notice that Mia LeJune Craig, the Debtor in the above-styled bankruptcy case, has

filed a Motion to Reinstate Chapter 13 Case and for Related Relief.

**Your rights may be affected.**

You should read the Motion carefully and discuss it with your attorney, if you have one in

this bankruptcy case. If you do not wish the Court to grant this Motion, or if you want the

Court to consider your views, you must file a written response or objection within twenty-one

(21) days from the date of service of this notice.

Your response must be filed with:

Thad Cochran

U.S. Courthouse

Bankruptcy Court – Southern District of Mississippi

501 East Court Street, Suite 2.300

Jackson, MS 39201

and a copy must be served upon the Debtor at:

Mia LeJune Craig, Pro Se Debtor

436 Fairway Avenue

Byram, MS 39272

If no written response or objection is filed within 21 days, the Court may consider the Motion without further notice or hearing and may grant the relief requested.

*Mia LeJune Craig*
Pro Se Debtor

## MOTION TO REINSTATE CHAPTER 13 CASE AND FOR RELATED RELIEF

COMES NOW the Debtor, Mia LeJune Craig ("Debtor"), appearing *pro se*, and respectfully moves this Honorable Court pursuant to 11 U.S.C. § 1307(c) and Rule 9024 of the Federal Rules of Bankruptcy Procedure to vacate the Order of Dismissal entered on October 8, 2025, and to reinstate this Chapter 13 proceeding. In support of this Motion, Debtor would show unto the Court the following:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this District under 28 U.S.C. § 1408.

3. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTUAL AND PROCEDURAL BACKGROUND

4. On March 10, 2025, the Debtor commenced this voluntary Chapter 13 case in good faith for the purpose of reorganizing her financial affairs and preserving her residence at 436 Fairway Avenue, Byram, Mississippi 39272.

5. The case was assigned to the Honorable Jamie A. Wilson, United States Bankruptcy Judge, and Torri Parker Martin, Standing Chapter 13 Trustee, was duly appointed to administer the plan.

6. The Debtor's Chapter 13 Plan was confirmed in May 2025, following notice and hearing. Pursuant to the Confirmation Order, a Wage Deduction Order was entered on March 25, 2025, directing the Federal Bureau of Prisons, the Debtor's then-employer, to deduct $1,593.00 per pay period from her salary and remit those funds to the Trustee.

7. The Bureau of Prisons implemented the order through its National Finance Center (NFC) beginning with Pay Period 05 (official pay date April 3, 2025). The Bureau continued remitting payments faithfully through the date of the Debtor's retirement in mid-2025.

8. According to the Trustee's official payment ledger and the National Data Center (NDC) records, the Debtor paid a total of $11,466.20 into her plan as of October 17, 2025, including a $2,700.00 payment made on October 7, 2025, one day before dismissal.

9. Nevertheless, the case was dismissed on October 8, 2025, for alleged default in plan payments.

## III. GROUNDS FOR REINSTATEMENT

A. Excusable Neglect and Temporary Hardship

10. The Debtor's temporary default was the result of *excusable neglect* within the meaning of Rule 9006(b)(1) and Rule 9024 Fed. R. Bankr. P., occasioned by circumstances entirely beyond her control.

11. Specifically, the Debtor retired from federal service with the Bureau of Prisons and thereafter transitioned to receiving a civil service annuity through the U.S. Office of Personnel Management (OPM). During the OPM processing period from May through July 2025, her pay was suspended and no interim income was received.

12. This lapse was not willful but rather an unavoidable administrative delay inherent in the federal retirement process. The Debtor promptly notified her employer and remained in contact with the Trustee's office during this interval.

13. Her annuity benefits began in August 2025 in the net amount of approximately $2,411.00 per month, which has remained consistent. These facts establish that the default was temporary and has now been cured.

B. Good Faith and Substantial Compliance

14. The Debtor has demonstrated good faith, substantial compliance, and diligence throughout this proceeding.

   a. She complied with the confirmed plan for several months through automatic wage deduction.

   b. She caused a $2,700.00 payment to be transmitted to the Trustee immediately prior to dismissal.

   c. She has paid over $11,000.00 into the plan since inception.

15. Correspondence from Lorene Dickens-Williams, Human Resources Specialist, Federal Bureau of Prisons, dated May 8, 2025, confirms that the NFC over-transmitted one additional installment of $1,593.00, which was remitted to the

Bankruptcy Court. The Debtor respectfully requests that such overpayment be credited to her account balance.

16. These facts constitute clear evidence of good-faith performance and negate any inference of abandonment or disregard of the Court's orders.

## C. Erroneous Mortgage Arrearage Inclusion

17. Following plan confirmation, PennyMac Loan Services, LLC, through its counsel Dean Morris, L.L.C., filed a Proof of Claim asserting a mortgage arrearage of $2,012.66, allegedly representing delinquent payments through March 2025.

18. This arrearage was automatically incorporated into the confirmed plan after the creditor's filing, without the Debtor's request or acknowledgment. Email correspondence from Attorney Clara Ortega of The Rollins Firm, dated June 17 and July 14, 2025, confirms that the Debtor's regular mortgage was not included in the plan and that the arrears were added post-confirmation based solely on the creditor's representation.

19. The Debtor asserts that her mortgage was current at the time, and that the arrearage claim is erroneous and inflated. The automatic addition of this claim materially distorted the required plan payment and contributed to the perceived delinquency.

20. The Debtor requests that this Court direct the Trustee to review and, if warranted, adjust or remove the disputed arrearage from PennyMac's claim pursuant to 11 U.S.C. § 502(j) and Rule 3008.

## D. Feasibility and Ability to Continue Payments

21. The Debtor's financial condition has stabilized. Her ongoing OPM annuity income of approximately $2,411.00 per month is sufficient to sustain modified plan payments commensurate with her fixed income.

22. Pursuant to 11 U.S.C. § 1329, the Debtor intends to seek modification of the plan to adjust the payment amount accordingly once the case is reinstated.

23. Reinstatement of this case will enable the Debtor to fulfill her obligations under the Bankruptcy Code and protect her residence while ensuring fair distribution to creditors.

## IV. EQUITABLE CONSIDERATIONS

24. Equity favors reinstatement. The Debtor has not engaged in bad-faith conduct; she has continued to remit payments and communicate with all relevant parties.

25. Dismissal, if allowed to stand, would unjustly penalize a Debtor who has paid substantial sums into her plan and who remains committed to completing it.

26. Reinstatement will not prejudice any creditor; indeed, creditors will benefit from continued performance under the plan rather than termination of payments.

27. Reinstatement aligns with the rehabilitative purpose of Chapter 13, which is designed to provide debtors an opportunity to repay obligations under Court supervision rather than suffer liquidation.

## V. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that this Honorable Court will:

1. Grant this Motion and vacate the Order of Dismissal entered on October 8, 2025;

2. Reinstate the Debtor's Chapter 13 case and restore the automatic stay;

3. Credit all funds paid and over-remitted by the Bureau of Prisons, including the $1,593.00 overpayment transmitted by the NFC;

4. Authorize modification of plan payments consistent with the Debtor's present OPM annuity income pursuant to 11 U.S.C. § 1329;

5. Review and correct PennyMac's arrearage claim of $2,012.66 upon proof of current mortgage status; and

6. Grant such other, further, and different relief as the Court deems just, equitable, and proper.

Respectfully submitted this 24th day of October, 2025.

*Mia LeJune Craig*

MIA LEJUNE CRAIG, Pro Se Debtor
436 Fairway Avenue
Byram, Mississippi 39272
Email: mcraig9396@gmail.com
Telephone: (601) 540-3749

## CERTIFICATE OF SERVICE AND NOTICE TO CREDITORS

I, Mia LeJune Craig, hereby certify that I have this date served a true and correct copy of the foregoing Motion to Reinstate Chapter 13 Case and Notice of Motion upon all creditors and parties in interest listed on the mailing matrix, including:

1. Torri Parker Martin, Chapter 13 Trustee
P.O. Box 2033
Memphis, TN 38101-2033
2. Office of the U.S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201
3. PennyMac Loan Services, LLC
c/o Dean Morris, L.L.C.
855 S. Pear Orchard Road, Suite 404
Ridgeland, MS 39157

NOTICE IS HEREBY GIVEN that any creditor or party in interest wishing to object to this

Motion must file a written response or objection within twenty-one (21) days of the date of

service of this Motion, with a copy mailed to:

Thad Cochran
U.S. Courthouse
Bankruptcy Court – Southern District of Mississippi
501 East Court Street, Suite 2.300
Jackson, MS 39201

and to the Debtor at:
Mia LeJune Craig, Pro Se Debtor
436 Fairway Avenue
Byram, MS 39272

If no response is filed within 21 days, the Court may grant the Motion without further notice
or hearing.

This the 24th day of October, 2025.

*Mia LeJune Craig*
Pro Se Debtor

# United States Bankruptcy Court
## Southern District of Mississippi

In re Mia LeJune Craig  
_Debtor(s)_

Case No. 25-00636JAW  
Chapter 13

### VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: October 24, 2025

_Mia LeJune Craig_  
Mia LeJune Craig  
Signature of Debtor